## ESTATE OF LACKEY v. STATE TAX COMMISSION

Rupert E. Park, Redmond, and Dennis L. Marvin, Bend, argued the cause for plaintiff.

Theodore W. de Looze, Assistant Attorney General, Salem, argued the cause for defendant.

Decision on the motion for defendant rendered January 28, 1965.

EDWARD H. HOWELL, Judge (Pro Tempore).

This is before the court on defendant's motion to quash service of the plaintiff's amended complaint.

Plaintiff having been notified of a proposed income tax deficiency for the year 1960 filed suit in the regular division of the Oregon Tax Court to abate the deficiency assessment. Plaintiff had not first appealed to the State Tax Commission before filing in this court (ORS 314.455) so she moved for a dismissal of her suit. This was allowed.

Plaintiff then appealed to the defendant State Tax Commission who affirmed the assessment by order dated July 31, 1964. On September 2, 1964, this court received from counsel for plaintiff by mail a complaint entitled "Complaint for Abatement of Income Tax Assessment" in the case entitled *Estate of Ruth B. Lackey v. State Tax Commission.* This complaint did not designate whether it was to be filed in the regular division or the small claims division of this court. A filing fee in the amount of $1.50 was enclosed. The filing fee for the small claims division is $1.50 and the filing fee for the regular division is $10.00. ORS 305.490.

The clerk filed the complaint in the small claims division. This division had no jurisdiction because the amount involved in the deficiency assessment was $2,287.00 and the jurisdiction of the small claims division cannot exceed $250.00, exclusive of penalties and interest. ORS 305.515.

The judge dismissed the suit in the small claims court on September 2, 1964, for lack of jurisdiction.

On this same day the clerk called Mr. Marvin, one of the two counsel for plaintiff and the one who mailed the complaint to this court. There is some disagreement in the testimony of the clerk and Mr. Marvin about the exact conversation. The clerk testified that she told Mr. Marvin the complaint had been filed in the small claims court and he told her he intended it to be filed in the regular division. She also stated that he asked if it could be sent back to him or transferred to the regular division and she advised him it could not, but that it could be dismissed for lack of jurisdiction, and another complaint filed. She testified he said he would send her another complaint and the proper filing fee of $10.00.

Mr. Marvin testified he had no recollection of being advised it was filed in the small claims court. He could not recall any discussion about filing. Mr. Marvin knew that the filing fee was $10.00 and knew that the clerk had no obligation to file any document without the proper filing fee.

Nothing further transpired until December 4, 1964, when a letter from Mr. Marvin dated September 3, 1964, enclosing a check for $10.00 dated December 3, 1964, arrived in the Tax Court. The letter stated the check was for the filing fee for the "case which is to to be filed in the regular division of the Oregon Tax Court." No complaint was enclosed. The clerk called Mr. Marvin again and an amended complaint was filed in this court on December 9, 1964.

The defendant has moved to quash service of the amended complaint on the grounds it was not filed in this court within the sixty days provided by ORS 314.460.

The regular division of this court had jurisdiction of the suit in this case. Counsel for plaintiff knew this and also knew the filing fee was $10.00. The fact that the clerk mistakenly filed the complaint in the small claims division is not material. The fact remains the complaint was not filed in the regular division where it belonged and the clerk had no obligation to file it there because the filing fee had not been paid. ORS 305.490 requires the filing fee to be paid "in advance."

The clerk is entitled to reject the proffered filing if not accompanied by the correct fee. If it is filed without receiving the correct fee it is a valid filing and the clerk is personally responsible for the fee. *U. S. Bank v. Lloyd's*, 239 Or 298, 382 P2d 851 (1964).

Here the clerk did not file the complaint in the regular division and the new complaint and proper filing fee did not arrive in this court until after the sixty days allowed in ORS 314.460 had expired.

The motion to quash is allowed.